IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAROLD BARKER                                                    PLAINTIFF

v.                            Civil No. 13-2136

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                   DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Darold Barker, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I.     Procedural Background:

Plaintiff filed his SSI application on March 30, 2010, alleging an onset date of December 23, 2010, due to lumbosacral spine disorder, diabetes mellitus with peripheral neuropathy, hypertension, depression, and cervical spine disorder. The Commissioner denied Plaintiff's applications initially and on reconsideration. An administrative hearing was held on November 3, 2011. Tr. 212-269. Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 48 years old and possessed a high school special education.  Tr. 20.  He had past relevant work (PRW) experience as a poultry line worker.  Tr. 19.

On April 5, 2012, the ALJ found Plaintiff's hypertension, diabetes mellitus with neuropathy, and plantar calluses were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 13.  After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to perform light work

> except he can occasionally climb ramps, stairs, ladders, ropes and scaffolds, balance, stoop, kneel, crouch and crawl.  He can operate foot controls no more than occasionally, and he can perform frequent grasping and handling bilaterally..

Tr. 16.  With the assistance of a vocational expert, the ALJ then concluded that Plaintiff could perform work as a package mail sorter, routing clerk in shipping and receiving, cashier II, and assembly worker.  Tr. 20.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on March 18, 2013.  Tr. 1-3.  Subsequently, Plaintiff filed this action.  ECF No. 1.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 15, 20.

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II.  **Applicable Law**:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or

3

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience.  *See* 20 C.F.R. § § 404.1520(a)-(f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.**   **Discussion**:

The record makes clear that Plaintiff suffered from diabetic neuropathy and plantar calluses, and the ALJ found both of these impairments to be severe.   X-rays of his feet conducted in December 2009 revealed minor chronic changes centered at the first metatarsophalangeal joint of the left foot. Tr. 149.  Degenerative changes were also noted in the right foot.  In February 2010, Plaintiff reported foot pain, stating that standing and walking aggravated his pain. Tr. 131.  His foot pain persisted into October 2010, at which time the doctor at Good Samaritan Clinic increased his Neurontin dosage.  Tr. 126, 159, 179.  Treatment notes dated April 2011 and May 2011 indicate that Plaintiff's neuropathy continued to be problematic. Tr. 124, 125.

On December 14, 2011, Plaintiff underwent a general physical examination with Dr. Chester Carlson.  Tr. 98-102.  The examination revealed a positive straight leg raise test bilaterally at 30 degrees, a slow and painful gait, and difficulty squatting and rising from a squatting position as well as tandem walking.  While we note that the third page of the examination is missing, which would indicate any range of motion deficits, the record makes

4

clear that Dr. Carlson was of the opinion Plaintiff would be moderately to severely limited in his ability to walk or perform prolonged activities due to "advanced neuropathy" and that he would have moderate limitations with regard to bending, squatting, and lifting due to lower back pain.

The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

In this case, the ALJ concluded that Plaintiff could perform light work, which involves standing or walking for a total of six hours out of an eight-hour work day. *See* Social Security Ruling 83–10. However, he made no mention of the walking and standing limitations imposed by Dr. Carlson. Accordingly, it is the opinion of the undersigned that remand is necessary to allow the ALJ to reconsider Plaintiff's RFC. Specifically, the ALJ is ordered to take into consideration standing and walking limitations that appear to be imposed by Plaintiff's neuropathy and calluses. Additionally, because page three of Dr. Carlson's assessment was not included in the record, the ALJ is directed to ensure that a full and complete copy of Dr. Carlson's assessment is placed into the record on remand. If a full and complete copy can not be obtained, the Plaintiff should be referred for a consultative examination, complete with an RFC assessment.

**IV.**   **Conclusion**:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this 14th day of March 2014.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

6

AO72A
(Rev. 8/82)